IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MEGAN WHITELEATHER,               )
                                  )
            Plaintiff,            )
                                  )
    v.                            ) Civil Action No. 06-1325
                                  )
MICHAEL J. ASTRUE,                )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
                                  )
            Defendant             )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 24th day of March, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, granted and the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, denied. The Commissioner's decision of June 27, 2006, will be reversed and this case will be remanded to the Commissioner for further proceedings consistent with this opinion pursuant to 42 U.S.C. §405(g).

When the Commissioner determines that a claimant is not disabled within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence.

"Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)).

Plaintiff protectively filed her pending application on October 14, 2004, alleging a disability onset date of December 10, 2003, due to depression, anxiety and post-partum depression. The application was denied initially. At plaintiff's request, an ALJ held a hearing on March 15, 2006, at which plaintiff, represented by counsel, appeared and testified. On June 27, 2006, the ALJ issued a decision finding that plaintiff is not disabled. On August 4, 2006, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 30 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has a college education. The ALJ found that plaintiff met the disability insured status requirements of the Act on her alleged onset date and that she has acquired coverage to remain insured through December 31, 2008. He also found that she has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and receiving plaintiff's testimony at the hearing, the ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of major depressive order and a panic disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1, 20 C.F.R. Subpart P, Regulations No. 4. The ALJ further found that plaintiff "has the residual functional capacity to understand, remember and carry out at least simple job instructions," (R. 14), and concluded that plaintiff "retains the ability to perform her past relevant work." (R. 16). Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering

his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(1)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[1] for determining whether a claimant is under a disability. 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). Generally, if the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff challenges the ALJ's finding of not disabled at step 4 of the sequential evaluation process. Specifically, plaintiff contends that: (1) the ALJ's finding that plaintiff can perform her past relevant work of cashier is inconsistent with his finding that plaintiff has not engaged in substantial gainful activity at any time relevant to the decision; and, (2) even if plaintiff's cashier positions constitute past relevant work, the ALJ failed to engage in the appropriate inquiry to determine

---

[1] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520; Newell, 347 F.3d at 545-46. Additionally, when there is evidence of a disabling mental impairment, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. 20 C.F.R. §§404.1520a; Plummer, 186 F.3d at 432.

whether plaintiff retains the residual functional capacity to perform that work. After reviewing the ALJ's decision and the record, this court is compelled to conclude that the ALJ's step 4 finding is not supported by substantial evidence.

Plaintiff's first argument, that the ALJ's decision is internally inconsistent because he found at step 2 that plaintiff "has not engaged in substantial gainful activity at any time relevant to this decision" but later found at step 4 that she is capable of performing her past relevant work as a cashier, is without merit. At step 2, the ALJ's task was to determine whether plaintiff "is currently engaged" in substantial gainful activity, not whether she had ever engaged in such activity in the past. The ALJ's step 2 decision makes clear his finding that plaintiff has not engaged in substantial gainful activity since the alleged onset of disability. (R. 13). As plaintiff worked as a cashier prior to her alleged onset date, there is no inconsistency between the ALJ's step 2 and step 4 findings.

While not inconsistent with his step 2 finding, the ALJ's step 4 finding[2] nevertheless fails to withstand substantial evidence scrutiny due to its conclusory nature. The ALJ's entire

---

[2] At step 4, the ALJ is required to consider whether the claimant retains the residual functional capacity to perform her past relevant work. 20 C.F.R. §404.1520(e). Residual functional capacity is that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a); Fargnoli, 247 F.3d 34, 40 (3d Cir. 2001). In assessing residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements, and other functions. 20 C.F.R. §404.1545(a).

AO 72
(Rev. 8/82)

step 4 "analysis" consists of two sentences summarily stating that plaintiff previously worked as a cashier at various stores and that she "has no impairment or functional limitations that would prevent her return to those types of jobs." The brevity of the ALJ's evaluation precludes this court from undertaking meaningful review of his finding of not disabled at step 4.

First, the ALJ undertook no analysis as to whether any of plaintiff's prior cashier positions actually constitute past relevant work. The regulations define past relevant work as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. §404.1562(b). Substantial gainful activity is work activity that involves doing significant physical or mental activities and which is done for pay or profit. 20 C.F.R. §404.1572.

Here, plaintiff's work history report lists 6 different "cashier" jobs at various types of businesses, including two at grocery stores, two at fast food restaurants, one at a health food store and one at an ice cream store. (R. 59). It is apparent from the report that at least three of these positions were summer jobs lasting no more than three months and likely would not amount to past relevant work. See 20 C.F.R. §404.1565(a). Another cashier position lasted "8-10 months", while two lasted for several years and apparently overlapped for a time. Moreover, the work history report indicates that plaintiff's cashier positions for the most part were minimum wage positions such that earnings

AO 72
(Rev 8/82)

may be a factor in determining whether any of those positions amounted to substantial gainful activity under the regulations. 20 C.F.R. §404.1571 et seq.

The ALJ's decision fails to identify which of plaintiff's prior cashier jobs qualify as past relevant work nor how he reached that conclusion. Absent any analysis, it is impossible for this court to undertake any meaningful review of the ALJ's finding that plaintiff's prior work experience qualifies as past relevant work under the regulations.

Likewise, it is impossible for us to evaluate the ALJ's summary conclusion that plaintiff has no functional limitations that would prevent her return to "those types of jobs" based on his conclusion that none of those jobs involved "complex instructions." (R. 16). Here, the ALJ failed even to identify specifically the prior jobs he deemed to constitute past relevant work let alone undertake an analysis of the functional demands of "those types of jobs" in order to compare plaintiff's residual functional capacity with those demands.

Moreover, there is no indication in the record that the ALJ considered any evidence other than plaintiff's brief responses on the work history report in determining whether she could perform any of her past relevant work. The ALJ did not contact any of plaintiff's past employers or anyone else who may have known about plaintiff's past work nor did he consult with a vocational expert or specialist or even the Dictionary of Occupational Titles in supplementing or evaluating the accuracy of plaintiff's

description of her past work functions, all of which are suggested options under the regulations for determining whether a claimant can perform past relevant work. 20 C.F.R. §404.1560(b)(2).

The court therefore will vacate the ALJ's decision and remand this matter for additional evaluation at step 4, specifically as to whether any of plaintiff's cashier positions qualify as past relevant work and, if so, whether plaintiff retains the residual functional capacity to perform either the actual functional demands of her particular previous cashier jobs or to perform the functional demands and job duties of the occupation of cashier as it generally is performed in the national economy. See 20 C.F.R. §404.1560(b)(2).

In addition, if necessary, the ALJ also should undertake a step 5 analysis should he determine on remand that plaintiff either does not have any past relevant work or that she does not retain the residual functional capacity to perform her past relevant work.

Accordingly, for the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this opinion.

_Gustave Diamond_
Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
    1789 South Braddock Avenue
    Suite 570
    Pittsburgh, PA 15218

    Jessica Smolar
    Assistant United States Attorney
    700 Grant Street
    Suite 4000
    Pittsburgh, PA 15219

AO 72
(Rev 8/82)